# W. F. Gonder and Newton Gonder *v.* The Farmers National Bank, Appellant.

*Banks and banking — Bank deposits — Transactions outside of usual banking hours — Liability of bank — Evidence — Entry in bank's books—Attorney and client—Privileged communication.*

1. At the request of a depositor in a bank, who desired to transfer certain funds on deposit in the savings department of the bank to her husband, the cashier of the bank went to the home of the depositor to arrange the transfer. He prepared a receipt for $701.20, which the depositor signed. The cashier entered credit in the pass book of the depositor's husband for $701.20, and on the books of the bank entered a withdrawal of $701.20 from the account of the depositor. No money was paid to the cashier at the home of the depositor. He withdrew from the bank the amount

of the receipt and misappropriated it. In an action by the husband of the depositor against the bank for the amount misappropriated, the lower court decided that the bank was liable. *Held,* no error.

2. In such case it was not error to refuse to permit the bank to offer in evidence its loose-leaf ledger sheet showing the omission of the item, as the bank could not relieve itself from paying money because its officers failed to make a proper entry on its books.

3. Where an item of $1,500 was withdrawn from plaintiff's account by the cashier without any evidence that he was authorized to make such withdrawal, the jury were properly instructed to allow the plaintiff to recover the amount thereof.

4. Where another item of $3,000 was withdrawn by the cashier from the plaintiff's account, the fact that he deposited with the papers in the bank a receipt signed by himself, for the plaintiffs did not establish the agency of the cashier for the withdrawal of the fund or justify the submission of the question of the agency of the cashier to the jury.

5. In such case the exclusion of the bank's ledger sheet showing the withdrawal of such items of $1,500 and $3,000 was not error, as the bank could not escape the payment of the money by showing that it had charged the plaintiff with such withdrawals in the absence of evidence of authority for such charge.

6. It was not error to refuse to permit an attorney who had had a conversation with plaintiff in the presence of the cashier after his relation with the bank had terminated, to relate such conversation where it appeared that the witness was counsel for the plaintiff and that the conversation was privileged.

Argued Sept. 25, 1917. Appeal, No. 106, Oct. T., 1917, by defendant, from judgment of C. P. Somerset Co., Sept. T., 1913, No. 361, on verdict for plaintiff in case of W. F. Gonder and Newton Gonder, Executors of the last Will and Testament of Frederick Gonder, Deceased, v. The Farmers National Bank, of Somerset, Pennsylvania, Appellant. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit for money deposited in defendant's bank.

The facts appear in the following opinion of RUPPEL, P. J., sur defendant's motion for a new trial:

On the trial of this case plaintiffs claimed a balance due on deposits in defendant bank amounting to $5,-201.20 with some interest, and the whole controversy revolved around three items: First, plaintiffs claimed credit for $701.20 deposited July 8, 1912, as shown by the pass book furnished by the bank. The defendant denied that it received this sum or that it was liable therefor in this action. Second, the defendant claimed a credit for withdrawal by Frederick Gonder of $1,500 on the 24th of July, 1912, and plaintiffs denied having withdrawn said sum. Third, defendant claimed credit for $3,000 withdrawn January 10, 1913, which withdrawal plaintiffs also denied. There were no disputed facts as to the first item. Frederick Gonder, who lived in Jenner Township, about twelve miles from Somerset, was a depositor in the defendant bank, beginning in 1902. His nephew, Henry F. Barron, was cashier of the bank. Mrs. Mary Gonder, wife of Frederick Gonder, was also a depositor in the defendant bank. Both these deposits were in the department known as the savings department of the bank, and the interest at three per cent. was computed semiannually and credited to the accounts. On the 6th of July, 1912, in response to a request on part of Frederick Gonder, Henry F. Barron, the cashier, went to the home of Mr. Gonder in Jenner Township and was there informed that Mrs. Gonder desired to transfer her account in the bank to her husband, Frederick Gonder. Mr. Barron prepared a receipt for $701.20, which Mrs. Gonder signed. This receipt is dated July 6, 1912, but at the bottom, after the signature of Mrs. Gonder and the attesting witness, is this note: "Farmers National Bank, Somerset, Pa. Paid July 8, 1912." At the time this receipt was given Mr. Barron entered a credit in the pass book of Frederick Gonder for the same amount, $701.20, but dated it as of July 8, 1912. The transaction took place on Saturday evening after banking hours and therefore the papers were dated so as to show the transaction as of July 8th, the first banking

day after the time of the transaction. The books of the bank show the entry of the withdrawal of $701.20 from the account of Mary Gonder, but do not show the credit for the same amount in the account of Frederick Gonder. The bank defends against this item on the ground that the transaction did not take place in the bank, but at the home of the depositor, twelve miles distant, and that therefore the depositor made Mr. Barron his agent and the bank is not responsible for any misappropriation of the money by Mr. Barron. While the authorities are not uniform on this question of the business transactions outside of the bank, we are inclined to think that the better rule is to hold the depositor liable for the agency of the officer of the bank for acts done outside of usual banking hours and away from the place of banking. Particularly in view of the act of congress under which the defendant is chartered. Section 5190 of the United States Revised Statutes provides that "the usual business of each national banking association shall be transacted at an office of banking house located in the place specified in its organization certificate"; and if Mr. Gonder had given $701.20 in cash to Mr. Barron, requesting him to deposit it to his account, under the circumstances we would hold the bank not liable. But there are two answers to the bank's contention in this case: First, no money was paid at the home of Mr. Gonder; there was simply a transference of two accounts. Mrs. Gonder gave Mr. Barron a receipt for the amount of money shown by the bank's book to be due her. This receipt was used as the basis of a deposit to the credit of Frederick Gonder. The bank's books show the withdrawal of the $701.20 from the account of Mary Gonder and the receipt given by Mary Gonder is on file with the papers in the bank, but Mr. Barron failed to give credit on the account of Frederick Gonder for the same money; therefore, either the bank has this $701.20 or that amount was abstracted by Mr. Barron. If the money was abstracted by Mr. Barron it was not done at the

home of Mr. Gonder, but must have been done in the
office of the bank and must have been done on or after
July 8, 1912. Having accepted the benefits of the trans-
action by Mr. Barron as to the Mary Gonder account,
the bank cannot repudiate what he did as to the account
of Frederick Gonder, and therefore the bank is liable
for the item.

Second. As stated above, if the money was abstracted
it was abstracted from the bank and not at the home of
Mr. Gonder.

Defendant complains of the court's rulings in exclud-
ing its offer to put in evidence the loose-leaf ledger sheet
of the bank showing the omission of this item of $701.20.
The bank cannot relieve itself from paying this money
because its officers failed to make a proper entry in its
books. Under the undisputed facts in this case the bank
was liable for this amount and the introduction of the
bank's account showing the omission could not affect the
result, and therefore the jury were instructed to allow
plaintiff to recover this item in their verdict.

The second item of dispute is as to the alleged with-
drawal of $1,500 on the 24th of July, 1912. The defend-
ant undertook to establish the fact that Henry F. Barron
was the agent of the plaintiffs and that the withdrawals
for which credit is claimed were made by said Barron as
the agent of the plaintiffs. No attempt was made to
prove such agency on part of Barron for the testator,
Frederick Gonder, and this item of $1,500 is marked
withdrawn on the books of the bank during the lifetime
of Frederick Gonder, who died on the first of August,
1912, and there having been no evidence whatever of any
withdrawal of this fund from the bank by proper au-
thorization, the jury were instructed to allow the plain-
tiffs to recover said sum in this action.

The third disputed item is an alleged withdrawal by
the plaintiffs of $3,000 on the 10th of January, 1913.
This money was taken from the bank by Mr. Barron and
at the same time he deposited with the papers in the

bank a receipt for the said sum of $3,000 signed "Fred Gonder's executors, per H. F. Barron, cashier." The bank claims that at the time this receipt was filed Mr. Barron was acting as an agent for the plaintiff and that they are not chargeable with any misappropriation of this money. The question of agency was submitted to the jury and they found against the bank. Upon a careful reading of the testimony we are convinced that the jury could not have found otherwise. There is not a particle of evidence in the case to justify the jury in finding that Barron had been employed as the agent of the plaintiffs. In fact, this question should not have been submitted to the jury, but as it was submitted and the finding being adverse to the defendant, it has no grounds for complaint.

The defendant complains of the court's ruling in excluding the bank's ledger sheet showing the withdrawal of these two items of $1,500 and $3,000, but the bank cannot escape the payment of this money by showing that it has charged the plaintiffs with these sums in the absence of any further authority for such charge. The pass book given to the plaintiffs makes no reference to these two items of withdrawal. This book is in the handwriting of Mr. Barron and it was submitted periodically to the officers of the bank for balancing and no objection was at any time taken to the account as shown on the plaintiff's book. The fact that the last four items on this book show changes or alterations was explained by the plaintiffs. The book was handed to Mr. Barron at his request while he was acting as cashier of the bank and some time later, after repeated demands, he handed it back to the plaintiffs with the changes made; but the changes or alterations apparent on the face of the book do not in any way affect the rights of the parties as to the disputed items. There is no allegation or even intimation that either the $1,500 or the $3,000 was entered at any time in plaintiffs' pass book. The only changes

in the book are on balances due and these seem to relate to charges of interest.

Another complaint made by the defendant is the rejection of J. A. Berkey, Esq., as a witness. Mr. Berkey, when on the stand, was asked as to a conversation he had with the plaintiffs in the presence of Henry F. Barron after Mr. Barron had been relieved as cashier of the bank, and the objection was made on the ground that the conversation was privileged. Mr. Berkey was a member of the firm of Berkey & Shaver and this firm was the counsel for the plaintiffs as executors in the settlement of the Gonder estate, and upon that ground the testimony was excluded.

"It is not merely the privilege of the attorney, but the rights of the party, that forbid the disclosure of such communications, and therefore the attorney is not permitted to divulge them, though willing to do so": Miller v. Weeks, 22 Pa. 89, 92.

"The party who offers this evidence is not the other party to the contract, but a stranger who had no connection with it. To us it is perfectly clear that any words spoken, or any acts done, by the client, in such circumstances, in the presence of his attorney and in the course of his employment are privileged, and may not be proved by the testimony of the attorney without the consent of the client": Kaut & Reineman v. Kessler & Schlather, 114 Pa. 603, 610.

"And I think the true principle in reference to privileged communications between attorney and client to be, that where the attorney is professionally employed, any communication made to him by his client, with reference to the object or the subject of such employment, is under the seal of professional confidence, and is entitled to protection as a privileged communication": Bank of Utica v. Mersereau, 3 Barb. Chancery (N. Y.) 528, 595; Tyler v. Hall, 106 Mo. 313.

This last case rules that a third party present at such a conversation can be called upon to testify although the attorney cannot.

In Commonwealth v. Griffin, 110 Mass. 181, it was held that a third party could be called to testify as to a conversation between husband and wife, even where the husband was under indictment for manslaughter.

To the same effect in Gannon v. People, 21 N. E. Repr. 525.

"The fact that confidential communications by a client to an attorney were made in the presence of a third person, does not qualify the attorney as a witness in regard to such communications": Blount v. Krimpton, 29 N. E. Repr. 590; see Caleb Whiting v. David Barney, 30 N. Y. 330; Alexander v. Queen, 253 Pa. 195.

Furthermore, an objection to the testimony could have been sustained on the ground of irrelevancy; and the same applies to the testimony of the witnesses A. P. Smith, H. L. Sipe, Freeman J. Hoffman and Isaiah Good. An effort was made to establish by these witnesses that the plaintiffs, after the defalcation of Barron had become known, made an endeavor to settle with Barron and to take his paper with satisfactory security for the amount of their claim. It was by this evidence that the defendant undertook to establish the alleged agency of Barron. Taking all this testimony in connection with the excluded offer of J. A. Berkey, in its strongest light in favor of the defendant, it does not tend to establish an agency; although the court submitted this question to the jury, we are satisfied, upon a careful review of the testimony, that there was nothing in the evidence which justified such submission to the jury, and if the jury had found in favor of the defendant upon this issue, the court necessarily would have had to set aside the verdict. Even had the plaintiffs made an honest endeavor to secure this claim by taking Mr. Barron's paper with other security, or had they even gone so far as to have accepted the paper, that fact would not have shown any agency. The plaintiffs were relatives of Mr. Barron; they perhaps were quite willing to shield him as far as possible, and there would have been no inconsistency in their

making a settlement with Mr. Barron of their claim had
the bank owed the money.   And so with regard to re-
marks that were made as to their being "satisfied" that
Barron had taken the money from the bank.   Evidently
if these words were used as attributed to them by some
of the witnesses, the meaning was that the plaintiffs were
convinced or persuaded by the statements of Mr. Shaver
and others that Barron had misappropriated the money.
There is nothing in any of these statements, viewed in
the strongest light possible, favorable to the defendant,
that tends to relieve the bank from responsibility.

The case of Greenhalgh Co. v. Farmers' National
Bank, 226 Pa. 184, contains many features common to
the case at bar; and upon careful consideration of all
the evidence in the case we are satisfied that no other
verdict could be rendered than the one returned by the
jury.

Verdict for plaintiff for $6,132.25 and judgment there-
on.   Defendant appealed.

*Errors assigned* were rulings on evidence and instruc-
tions to the jury.

*Norman T. Boose,* for appellant.

*Francis J. Kooser,* with him *Ernest O. Kooser,* for ap-
pellees.

PER CURIAM, October 19, 1917:

The facts in this case appear in the opinion of the
learned court below dismissing the motion for a new
trial, and, for the reasons therein stated why the plain-
tiffs are entitled to recover, the judgment on the verdict
in their favor is affirmed.